**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CECIL WELLS, | DOCKET NUMBER |
| Appellant, | CH-0841-18-0573-A-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: July 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cecil Wells</u>, Columbus, Ohio, pro se.

<u>Appeals Officer</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the length of the filing delay, we AFFIRM the initial decision.

## BACKGROUND

The appellant previously filed a Board appeal, challenging a reconsideration decision of the Office of Personnel Management (OPM) concerning the recalculation of his Federal Employees' Retirement System (FERS) annuity, which the Board dismissed for lack of jurisdiction after OPM rescinded the reconsideration decision. *Wells v. Office of Personnel Management*, Docket No. CH-0841-18-0573-I-1, Initial Decision (ID) (Feb. 22, 2019). The initial decision became the Board's final decision on March 29, 2019. *Id.* at 3.

On March 2, 2010, more than 1 year after the issuance of the initial decision, the appellant filed a motion for attorney fees. *Wells v. Office of Personnel Management*, Docket No. CH-0841-18-0573-A-1, Attorney Fee File (AFF), Tab 1. He maintained that OPM had not responded to his latest correspondence concerning the agency's denial of his request for reimbursement of legal fees and seemingly argued that he was entitled to attorney fees because the matter concerning his annuity recalculation had been settled. *Id.* at 4-5. The

appellant submitted a letter from OPM dated June 26, 2019, in which an agency representative stated that the appellant was not the prevailing party in his prior appeal, which was dismissed following OPM's rescission of its reconsideration decision, and that he was not statutorily entitled to an award of attorney fees. *Id.* at 7. He also submitted a letter dated August 28, 2019, in which OPM noted that the appellant had accepted its May 23, 2019 recalculation of his FERS annuity and denied his request for reimbursement of his attorney fees incurred concerning the recalculation of his annuity. *Id.* at 6. Finally, the appellant submitted a September 2018 fee agreement with a law firm, which noted that the appellant had paid an initial retainer of $3,600. *Id.* at 8.

The administrative judge issued an order to show cause, informing the appellant that his motion for attorney fees appeared to be untimely filed and that he had the burden of proof on the issue of timeliness. AFF, Tab 3 at 1. The administrative judge ordered the appellant to file evidence and argument that his motion was timely filed or that good cause existed for the delay. *Id.* at 1-2. In response, the appellant submitted into the record a May 29, 2019 email addressed to an OPM representative and a paralegal at the Board setting forth his belief that he was entitled to reimbursement of legal fees and attaching a copy of the fee agreement with his attorney. AFF, Tab 4 at 4-7.

The administrative judge issued an initial decision denying the appellant's motion for attorney's fees as untimely filed. AFF, Tab 6, Addendum Initial Decision (AID) at 1, 5. He found that the appellant filed his motion for attorney fees 314 days after the 60-day period set forth in the Board's regulations had expired. AID at 4. The administrative judge found that the appellant's response to the timeliness order contained no argument about why the Board should excuse his filing delay. *Id.* Moreover, he found that the appellant's May 29, 2019 email in which he copied a Board paralegal could not qualify as a motion for attorney fees and, in any event, would have been untimely by more than 30 days. *Id.*

Therefore, the administrative judge found that the appellant had not shown that his motion was timely filed or established good cause for his delay. AID at 4-5.

The appellant has filed a petition for review arguing that the Board should award him legal fees as a matter of equity and raising a new argument regarding the initial decision in his prior appeal. Petition for Review (PFR) File, Tab 1.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

Under 5 C.F.R. § 1201.203(d), an attorney fees petition must be filed within 60 days after the Board issues a final decision on the merits. *See Mynard v. Office Personnel Management*, 108 M.S.P.R. 58, ¶ 7 (2008). The Board may waive the deadline if the appellant establishes good cause for the filing delay. *See* 5 C.F.R. § 1201.12. To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Mynard*, 108 M.S.P.R. 58, ¶ 7; 5 C.F.R. § 1201.12.

On petition for review, the appellant does not challenge the administrative judge's findings that he did not show that his motion for attorney fees was timely filed or establish good cause for his filing delay. PFR File, Tab 1 at 4-7; AID at 4-5. Instead, he argues for the first time on review that, although his motion for attorney fees may have technically been untimely, his documented legal fees were directly related to his prior appeal and, therefore, the Board should award him attorney fees as a matter of judicial equity. PFR File, Tab 1 at 4. Moreover, he maintains for the first time on review that the initial decision in his prior appeal granted him legal fees and encouraged the parties to negotiate costs, but that OPM did not advise him of any obligations or responsibilities regarding attorney fees at that time. *Id.*; AFF, Tab 1 at 4-8, Tab 4 at 4-7.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v.*

---

[2] The agency has not filed a designation of representative or any other pleading in the present appeal.

*Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing regarding his arguments on review and offers no explanation why he did not make these arguments during the pendency of his appeal or address his filing delay in response to the timeliness order. PFR File, Tab 1 at 4-7. In any event, contrary to the appellant's assertion on review, the initial decision dismissing the appellant's prior Board appeal for lack of jurisdiction did not grant him legal fees or address any negotiations of costs between the parties. *Id.* at 7; ID at 1-10. Moreover, the appellant's argument that granting him attorney fees would be in the interest of judicial equity does not demonstrate that he exercised due diligence or ordinary prudence under the circumstances of his appeal. *See Mynard*, 108 M.S.P.R. 58, ¶ 7; 5 C.F.R. § 1201.12.

Here, the administrative judge found that the initial decision in the appellant's Board appeal was issued on February 22, 2019, and that the motion for attorney fees was therefore due no later than April 23, 2019. AID at 4. Because the appellant did not file his motion until March 2, 2010, the administrative judge found his appeal untimely filed by 314 days. *Id.* However, the administrative judge erroneously calculated the filing date from the date on which the initial decision was issued and not the date on which it became the Board's final decision, March 29, 2019. *Id.*; ID at 3; *see* 5 C.F.R. § 1201.203(d). Therefore, the filing deadline for the present appeal was May 28, 2019, and the appeal was untimely filed by 279 days. Regardless, we discern no basis to disturb the administrative judge's determination that the appellant's motion for attorney fees was untimely filed beyond the 60-day regulatory deadline and that the appellant failed to establish good cause for his delay.

Accordingly, we deny the petition for review and affirm as modified the addendum initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.